AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America )<br>v. )<br>Logan Carr )<br>*Defendant* ) | Case No.   22-cr-289 (RDM) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

- ☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:
    - ☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
    - ☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
    - ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
    - ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
    - ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

- ☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    - ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

    - ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

    **OR**

    - ☒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

- ☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- ☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☒ Weight of evidence against the defendant is strong
- ☒ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❏ History of violence or use of weapons
❏ History of alcohol or substance abuse
❏ Lack of stable employment
❏ Lack of stable residence
❏ Lack of financially responsible sureties
❏ Lack of significant community or family ties to this district
❏ Significant family or other ties outside the United States
❏ Lack of legal status in the United States
❏ Subject to removal or deportation after serving any period of incarceration
❏ Prior failure to appear in court as ordered
❏ Prior attempt(s) to evade law enforcement
❏ Use of alias(es) or false documents
❏ Background information unknown or unverified
❏ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See attachment.

Nature and circumstances of offense:

See attachment.

The strength of the government's evidence:

See attachment.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

See attachment.

The defendant's dangerousness/risk of flight:

See attachment.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____

Digitally signed by G. Michael Harvey
Date: 2022.09.13 16:32:38 -04'00'

United States Magistrate Judge

Attachment to Detention Order—Carr (22-cr-289 (RDM)

**Defendant's Evidence/Arguments for Release**
In this case charging drug trafficking and related gun possession offenses, Defendant sought release to his parents as third-party custodians with any additional conditions of release the Court might find appropriate, including drug and mental health treatment.  He argued that he is not a flight risk, as he is only 20 years old, has lived in this community his whole life (other than a 2-year stint at a residential treatment facility in Utah), and did not flee even when he knew that he was under investigation for the crimes with which he has since been charged.  He challenged the strength of the government's evidence, noting that when law enforcement executed the search warrant at his residence in September 2021 that led to the recovery of drugs and firearms resulting in these charges, other individuals then present likely brought at least one of the firearms found, and emphasized that no firearms were found in the immediate vicinity of any drugs.  He also asserted that the quantity of drugs he is charged with possessing is relatively modest and stressed that there are no allegations that he fired the gun or engaged in any acts of violence.  He further sought to undermine the government's present position that he poses a danger to the community by pointing out that it delayed from September 2021 until the end of August 2022 to charge him.

**Nature and Circumstances of the Offense**
This factor weighs in favor of detention.  According to the government's proffer, Defendant has been on release in a drugs and gun case pending in D.C. Superior Court since July 2021 and, as a condition of that release, is prohibited from possessing firearms.  In September 2021, spurred by a video posted on YouTube featuring Defendant and a compatriot holding what appear to be bags of cash, marijuana, and a firearm, and apparently filmed in and around Defendant's apartment, law enforcement executed a search warrant at the residence.  The search recovered 3 firearms, including a 9mm Glock 43 that DNA testing determined was likely handled by Defendant; 15 ounces of a leafy green substance that tested positive for THC, some of which was taken from Defendant's pockets; approximately 8.5 grams of a substance that gave a positive color reaction for the presence of cocaine, taken from a shoebox to which Defendant directed the officers; a large amount of cash; and other paraphernalia associated with drug distribution, some of which was also found on Defendant's person.  On August 30, 2022, a federal grand jury returned a 3-count indictment charging Defendant with possession with intent to distribute cocaine base, possession with intent to distribute marijuana, and using, carrying, and possessing a firearm in connection with a drug trafficking offense.  The most serious drug charge carries up to 20 years in prison plus an additional consecutive 5-year mandatory minimum for the related firearm possession.  Not only has Congress indicated the dangerousness of those offenses by authorizing such lengthy prison sentences for those convicted, but it has determined that a presumption of detention applies to each of those two charges.

And there's more.  The government avers that, while at Defendant's residence executing the arrest warrant returned with the indictment in this case, law enforcement saw, in plain view, items consistent with drug trafficking, including what appeared to be more marijuana and crack cocaine.  Officers consequently obtained a search warrant for the apartment and recovered ten small clear zip bags containing about 1.6 grams of a substance that field-tested positive for crack cocaine; about 14.5 grams of a white powdery substance that looked like cocaine; a Glock 9mm magazine with a 15-round capacity loaded with 4 rounds; an unloaded extended magazine; a fully loaded Glock 9mm magazine with a 33-round capacity; and a large amount of cash.  Additionally, they recovered from a grass alleyway beneath an open window in Defendant's apartment a Glock 19 9mm handgun with a fully-loaded 17-round magazine and 1 round in the chamber along with additional substances that field tested positive for cocaine and cocaine base.  Video surveillance footage from the apartment building indicates that the material was dropped from an open window in Defendant's apartment when law enforcement arrived to arrest him.

That is, Defendant, already under indictment in a drugs and gun case in D.C. Superior Court, apparently continued to possess firearms, as well as distribution-level amounts of narcotics, in violation of his

conditions of release. In this federal drugs and gun case, he now faces a congressionally-imposed presumption of dangerousness and significant jail time. Additionally, when law enforcement arrived to arrest him on those charges, he attempted to dispose of narcotics and a loaded firearm by tossing them out of the window of his apartment, which the government asserts was across the street from an elementary school. Those facts clearly indicate that Defendant poses a danger to the community.

**Strength of the Government's Evidence**
This factor, too, weighs in favor of detention. The drugs Defendant is charged with possessing with intent to distribute were found in his apartment—some in his pockets and others in a shoebox to which Defendant directed officers. Along with the drugs, law enforcement also recovered paraphernalia associated with drug trafficking and large amounts of cash. Finally, DNA testing established a strong likelihood that Defendant possessed 1 of the 3 guns recovered from his apartment in September 2021.

**Defendant's History and Characteristics**
Although Defendant has no prior convictions, the Court cannot ignore the fact that he was on release for drugs and gun charges in a D.C. Superior Court case when law enforcement recovered the additional drugs and gun for which he is charged here. Still more drugs and guns were found in or around his apartment when he was arrested on these federal charges. The Court acknowledges that he has connections to this community, including obviously supportive and caring parents who have been approved by Pretrial Services to serve as third-party custodians. However, those connections do not outweigh the dangerousness of his recent concerning conduct connected with this case as well as his other pending matter in D.C. Superior Court, not least because, at the time that Defendant was arrested in that D.C. Superior Court case, he was living with his parents.

**Defendant's Dangerousness/Risk of Flight**
The discussion above should amply demonstrate the danger to the community Defendant's release would impose. Of course, drug trafficking while armed is itself dangerous, as Congress has recognized with its authorization of significant jail time and a presumption of dangerousness. But other facts establish Defendant's blithe disregard for the safety of the community. Not only did he commit these alleged crimes while on release on another drugs and gun matter, but he thereafter continued to possess firearms and distribution-level amounts of narcotics. Equally concerning, his strategy to dispose of yet another firearm—this one loaded with 17 rounds in the magazine and one in the chamber—and yet more drugs was to toss them out of a window and into a public place apparently located across the street from an elementary school. Such behavior gives the Court no confidence that Defendant would comply with any conditions of release it could impose. The Court therefore finds that the government has shown by clear and convincing evidence that Defendant would pose a danger to the community if released pending trial. The Court does not find that he presents a flight risk.