UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Crim. No. 22-cr-289 |
| | : |
| LOGAN CARR, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER AND REQUEST FOR EXPEDITED HEARING**

Defendant Logan Carr, through undersigned counsel, pursuant to 18 U.S.C. § 3145(b), respectfully moves this Court to revoke the Order of Detention issued by Magistrate Judge Michael Harvey on September 12, 2022 and issue an order authorizing pretrial release with location monitoring, appointing Mr. Carr's parents as third-party custodians, and any other conditions deemed appropriate by the Court. The United States opposes this Motion and the relief sought.

**Background**

Logan Carr is a 20-year-old lifelong resident of the District of Columbia. He has no prior criminal convictions and, up until April 2021, had no contact with the criminal justice system. Between July 2021 and September 2022, Mr. Carr has been arrested three times and now faces charges in the Superior Court of the District of Columbia and this Court. We acknowledge the seriousness of the charges and the fact that they involve firearms. However, it is important to note that there are no allegations that Mr. Carr or anyone else used or threatened to use any of the firearms nor are there any alleged acts of violence. Mr. Carr went from graduating high school to

1

facing a federal indictment in 18 months. We submit that the speed at which Mr. Carr's life has deteriorated is not an indication of a violent individual that is unrepentant and needs to be incarcerated. Instead, we believe the rapid decline is the result of mental health issues that need to be addressed. There are conditions of release that can be fashioned to meet the requirements of the Bail Reform Act, specifically intensive mental health treatment, a third-party custodian, and GPS location monitoring. We respectfully submit that the pretrial detention order issued on September 12, 2022 should be revoked.

### Procedural History

On August 30, 2022, Mr. Carr was indicted and charged with one count of Unlawful Possession With Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of Unlawful Possession With Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of Using, Carrying, and Possessing a Firearm During and in Relation to a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). He made his initial appearance on September 2, 2022. A detention hearing was held on September 12, 2022, where the government's motion for detention pending trial was granted.

### Standard of Review

This Court has authority to review an order of release or detention issued by a magistrate judge upon a motion filed by either party. 18 U.S.C. § 3145(a)-(b). Any such motion shall be determined "promptly." *Id.* This Court reviews the ruling of a magistrate judge's detention order *de novo*. *United States v. Sheffield,* 799 F.Supp.2d 18, 19–20 (D.D.C. 2011). "The Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons." *Id.* at 20 (quoting *United States v.*

*Hanson*, 613 F. Supp. 2d 85, 88 (D.D.C. 2009)). Even in a case involving a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(A), "the Court must evaluate the weight of the evidence against each defendant seeking reconsideration of the detention orders and pretrial release to determine whether pretrial detention is proper." *United States v. Muschetta*, 118 F. Supp. 3d 340, 344 (D.D.C. 2015).

## Legal Standard

Pursuant to the Bail Reform Act, the Court must order the pretrial release of a defendant on personal recognizance or unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Pretrial detention may be ordered where, after a hearing upon motion by the government, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Should the Court impose conditions of release, they should be "the least restrictive" conditions that the Court "determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). In evaluating whether conditions of release are adequate to satisfy the mandate of the Bail Reform Act, the Court shall consider: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger to any person and the community that would be posed by the person's release. 18 U.S.C. § 3142(g). The government must prove dangerousness to the community by clear and convincing evidence. *United States v. Himler*, 797 F.2d 156, 160–61 (3d Cir. 1986); 18 U.S.C. § 3142(f). Moreover, to find dangerousness to the community, the government must provide

3

evidence to "support such a conclusion with a high degree of certainty." *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).

As noted in the government's memo in support of pretrial detention, 18 U.S.C. § 3142 (e)(3) establishes a rebuttal presumption in favor of detention. 18 U.S.C. § 3142 (e)(3). However, this presumption does not obviate the government's requirement to provide clear and convincing evidence of dangerousness, rather it creates a burden of production for the defense. *United States v. Stone,* 608 F.3d 939, 945–46 (6th Cir. 2010); *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001). The defendant's burden of production is simply "to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

### Conditions of Release Exists To Satisfy The Requirements of the Bail Reform Act

The proposed conditions of release submitted by Mr. Carr rebut the presumption of pretrial detention and satisfied the conditions of Bail Reform Act. Specifically, Mr. Carr proposes the following conditions of pretrial release:

1) He comply with the requirements of 18 U.S.C. § 3142 (c)(1);
2) his parents, Michael and Marguerite Carr, will serve as third-party custodians;
3) he will be subject to home confinement in his parents' residence in Washington, D.C. or Georgia. The residence will be inspected by Pretrial Services before he is allowed to move in;
4) he will wear a GPS electronic monitoring unit and will follow all procedures specified by Pretrial Services;
5) he will only leave the apartment for meetings with his counsel, medical

4

       appointments, and religious services; and

6) his passport will remain in the custody of the FBI and/or will be turned over to Pretrial Services during the pendency of this case.

Turning to the factors set forth in 18 U.S.C.§ 3142(g), our submission is that the proposed conditions of release are adequate to assure Mr. Carr's appearance at all future court proceedings and safety of the community.

### I. Nature and Circumstances of Offense Charged

The government alleges that in September 2021 Mr. Carr possessed cocaine and marijuana with the intent to distribute the drugs, and also possessed a firearm related to the alleged unlawful conduct. Mr. Carr was arrested inside his residence with another individual. A third individual left the apartment shortly before police arrived. The search of the apartment was predicated in part on a music video that the government contends showing Mr. Carr and another individual with a firearm and drugs inside his apartment and locations around Washington, D.C.

### II. Weight of Evidence

This Court has continuously recognized that the weight of the evidence factor is the "least important." *See, e.g.*, *United States v. Padilla*, 538 F. Supp. 3d 32, 43 (D.D.C. 2021) (quoting *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991)). Congress has mandated that no provision of the Bail Reform Act "shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). The conduct alleged in the Indictment did not involve violence or use of any firearm.

### III. History and Characteristics

When evaluating the history and characteristics of the defendant, the Court considers, "the

person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3).  Where the defendant presents "considerable evidence of longstanding ties to the locality in which he faces trial," the § 3142(e) presumption has been rebutted.  *United States v. Jackson*, 845 F.2d 1262, 1266 (5th Cir. 1988).  A Texas District Court, for example, found that despite being charged with conspiracy to distribute more than 5 kilograms of cocaine, the defendant, a foreign national, had rebutted the § 3142(e) presumption of dangerousness with evidence showing she had lived in the community for 15 years, had worked there for 13 years, had no criminal record, and had family living in the area.  *See United States v. Perez*, No. 3:05-CR-186-L (8), 2005 U.S. Dist. LEXIS 23481, at *1 (N.D. Tex. Oct. 13, 2005) (granting the defendant's motion to revoke the pretrial detention order).

      Mr. Carr has a loving and supportive family.  He has no prior juvenile or adult convictions.  The conduct alleged in the Indictment occurred only a few months after he graduated from high school.  After battling numerous challenges during his adolescence, which included inpatient mental health treatment and a therapeutic boarding school, Mr. Carr returned to Washington, D.C. and was accepted to a preeminent high school.  He began to thrive before COVID-19 emerged.  His teacher describes him as "fully integrated into the [school] community" and making connections with his peers and teachers.  *See* Exhibit A, letter from Briggs "Quintus" Cunningham.  Unfortunately, the gains he made were lost when in person classes were cancelled.

      Mr. Carr was recently evaluated by Jenny Howe, MS.  Ms. Howe treated Mr. Carr in 2018 and has a deep understanding of his issues and history of mental health issues.  She describes her interactions in impression in her submission to the Court, attached hereto as Exhibit B.  She talks

about his struggles while being incarcerated, which are exacerbated by his diagnoses as well as the recent brutal attack he suffered. Mr. Carr needs "intensive mental health support." *Id*.

## IV. Danger to Community

This Court has noted that certain "supervisory conditions," such as home detention and the selection of a suitable, third-party custodian can mitigate the Court's concern for the safety of the community. *See United States v. Klein*, 539 F. Supp. 3d 145, 155 (D.D.C. 2021) (noting that despite previous convictions for unlawful possession of a firearm, "it is possible that appropriate conditions on [the defendant's] release might provide sufficient assurances of community safety"). A proposed third-party custodian may be considered unsuitable if they were encouraging of the alleged criminal activity or recommended to the defendant measures by which to destroy evidence after engaging in criminal activity. *See United States v. Klein*, 539 F. Supp. 3d 145, 150, 156 (D.D.C. 2021). A third-party custodian may be insufficient if the Court finds there to be a serious question regarding their ability to "promptly and truthfully" report violations of the defendant's conditions of release. *United States v. Caldwell*, No. 21-181 (CKK), 2022 U.S. Dist. LEXIS 10043, at *12-13 (D.D.C. Jan. 19, 2022) (finding that the defendant's ex-spouse was unlikely to readily report violations to law enforcement because the defendant had previously violently prevented her from reporting his abuse of her to emergency services).

Mr. Carr's parents are ideal third-party custodians. Michael Carr is a Partner at a government affairs firm in Washington, D.C. He is also a member of the District of Columbia bar. His mother is an artist. Both of Mr. Carr's parents can work from home and are committed to doing everything and anything they can to help their son. Given concerns about Mr. Carr staying in the area, they are prepared to move to another residence in Georgia. Mr. Carr has also been recommended and accepted into a residential treatment facility in Connecticut. *See* Exhibit C. If

the Court were to allow him to attend the program, his parents would move to Connecticut for the duration of the program.

We do not believe Mr. Carr poses a danger to the community. Any risk can be ameliorated by the imposition of a third-party custodian, home confinement, and GPS monitoring. Furthermore, we submit that the dangerous conditions at the D.C. Jail would further serve as a deterrent for Mr. Carr to violate his conditions of pretrial release. This Court has recognized that a serious threat to the defendant's health and safety in jail "alters the dangerousness calculus by making it significantly more likely that [the defendant] will obey the conditions of his release and thus not pose a danger to the community." *United States v. Thomas*, 456 F. Supp. 3d 69, 77 (D.D.C. 2020). Mr. Carr was recently attacked and stabbed. We understand this occurred in his jail unit where between 100-150 inmates are monitored by two corrections officers. Mr. Carr remains concerned for his safety and wellbeing after this attack. As a result of his fear of future attacks, he is especially dedicated to abiding by the proposed conditions of release. Undersigned counsel and Ms. Howe met with Mr. Carr the day after he was attacked, and he was unable to control his saliva and was drooling on himself and the floor during the meeting. Our request for information about the incident, including photographs of Mr. Carr's injuries, have been ignored by the D.C. Jail. We remain concerned for Mr. Carr's safety and ask the Court to inquire about the incident and the ability of the D.C. Jail to keep Mr. Carr and others facing pretrial detention safe.

## **Conclusion**

Mr. Carr understands and appreciates the seriousness of the charges he faces in this Court. The proposed conditions of release are sufficient to ensure his appearance at future court appearances and trial and he does not pose a threat to any person or the community. Pretrial detention is unnecessary, and order of pretrial detention should be revoked.

/s/ *Marc Eisenstein*
Marc Eisenstein  (DC Bar No. 1007208)
Coburn & Greenbaum, PLLC
1710 Rhode Island Avenue, N.W.
Second Floor
Washington, DC 20036
Phone: (202) 643-9472
Fax: (866) 561-9712

marc@coburngreenbaum.com
*Counsel to Defendant Logan Carr*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 7, 2022 a copy of the foregoing was filed with the Clerk of the Court and served on all counsel of record via e-mail.

/s/
Marc Eisenstein